DUANE MORRIS LLP
Anthony J. Costantini (AJC 6633)
1540 Broadway
New York, New York 10036-4086
(212) 692-1000

Attorneys for Defendant
RJZM, LLC d/b/a All-Med & Rehab of New York

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

TOWNE PARTNERS, LLC,

                Plaintiff,

    -against-

RJZM, LLC d/b/a ALL-MED & REHAB OF
NEW YORK,

                Defendant.
-----------------------------------------------------------X

Civil Action No.

**NOTICE OF REMOVAL**



       Defendant, RJZM, LLC d/b/a All-Med & Rehab of New York ("RJZM"), by its undersigned counsel, Duane Morris LLP, hereby files this Notice of Removal with the United States District Court for the Southern District of New York, and in support of same, respectfully states as follows:

    1.    RJZM filed a voluntary petition under chapter 11 of the Bankruptcy Code in the Bankruptcy Court on July 6, 2006. Such case is numbered 06-11535 (ALG) in the Bankruptcy Court. The parties to this litigation entered into a Settlement Agreement that was so ordered by the Bankruptcy Court, and paragraph 26 of that Agreement retains Bankruptcy Court jurisdiction on all issues that arise from or relate to that Order. The Agreement was subsequently incorporated into the Plan of Reorganization, which was also approved by the Bankruptcy Court.

2. In derogation of the Bankruptcy Court's Orders, on or about January 5, 2009, a civil action captioned Towne Partners, LLC v. RJZM, LLC d/b/a All-Med & Rehab of New York, Index No. 100108/2009 (hereinafter the "State Court Action"), was filed in the Supreme Court of the State of New York, New York County. Copies of the Summons and Complaint are attached as Exhibit (1).

3. A review of the file from the New York County Clerk's Office reveals that the only documents on file are the original Summons and Complaint, an Affidavit of Service sworn to on January 21, 2009, and two Stipulations Extending Time to Answer. Attached as Exhibit (2) is a copy of the Affidavit of Service. Attached as Exhibit (3) and (4) are the Stipulations Extending Time to Answer. Accordingly, as required by Local Rule 81.1(b), the copies of the Summons and Complaint attached as Exhibit (1), the Affidavit of Service attached as Exhibit (2), and the two Stipulations Extending Time to Answer attached as Exhibit (3) and (4) constitute the entirety of the pleadings filed in the State Court Action. Based upon the State Court Action's file, no further proceedings have taken place in the State Court Action. A copy of the index of the State Court Action from the State Court's website is attached as Exhibit (5).

4. As the appended record demonstrates, the action pending in the State Court is a civil action related to stipulations entered into by Plaintiff and Defendant in Defendant's Chapter 11 Case which settled the various outstanding claims between them (the "Settlement Agreement"). The Complaint makes direct reference to the Settlement Agreement (¶8), and it is attached as Exhibit B to the Complaint. As can be seen from the last page of the attachment, the Settlement Agreement was so ordered by the Bankruptcy Court on March 14, 2007, and then incorporated by reference and made part of an Amended Plan of Reorganization dated December 18, 2007, and confirmed in an Order of Confirmation (the "Confirmation Order") entered by the

United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on February 29, 2008. (¶¶9,10). As discussed more fully below, the Bankruptcy Court continues to exercise jurisdiction over matters related to the Confirmation Order.

5. In the State Court Action Plaintiff seeks to recover damages for (i) breach of contract and (ii) use and occupancy arising from obligations settled in the Settlement Agreement and the Confirmation Order. Therefore, the State Court action described above is a civil action of which this court has jurisdiction under the provisions of 28 U.S.C. § 1334(b) as it is a civil proceeding arising under title 11, or arising in or related to a case under title 11.

6. Additionally, the Confirmation Order expressly provides in paragraph 26 that the Bankruptcy Court "shall retain jurisdiction with respect to all maters arising from or relating to the implementation of this Order...". State Court Complaint Exhibit B.

7. As such, this Court has jurisdiction over the State Court Action, and the State Court Action is removable to this Court pursuant to 28 U.S.C. § 1334(b), the express provisions of the Confirmation Order, and 28 U.S.C. § 1452.

8. The State Court Action, including all claims and causes of action asserted therein, is a Civil Action other than a proceeding before the United States Tax Court; and is not a Civil Action by a governmental unit to enforce such governmental unit's police or regulatory power.

9. A copy of the Summons and Complaint attached as Exhibit (1) was received by members of RJZM, a limited liability company, via U.S. Postal Service on or about January 20, 2009.

10. The Affidavit of Service attached as Exhibit (2) reports service by hand to Eileen Sepp on January 13, 2009. RJZM asserts that service was not effective at that time, pursuant to

3

NY CPLR § 311-a, since Ms. Sepp is not an individual qualified to accept service of process on behalf of RJZM, a limited liability company.

11. Therefore, this Notice of Removal is being filed in a timely manner pursuant to 28 U.S.C. § 1452, as it is within 30 days after receipt of the Complaint by RJZM on or about January 20, 2009.

12. Upon removal, the action is a core proceeding under 28 U.S.C. § 157(2)(A), (B), and (O) since the issues revolve almost entirely on the interpretation of the Bankruptcy Court's Orders. In the event that any claim or cause of action asserted in the State Court Action is determined to be non-core, the defendant consents to the entry of final orders or judgments by a bankruptcy judge.

13. By this Notice of Removal, RJZM does not waive any defenses available to it in this action, including lack of service of process, insufficiency of process, lack of personal jurisdiction, improper venue or any other procedural or substantive defects concerning the allegations in the Complaint.

14. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served upon the Plaintiff.

15. Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal and a true and correct copy thereof will be filed with the Supreme Court of the State of New York, New York County.

16. This Notice of Removal has been verified by the undersigned counsel for RJZM pursuant to 28 U.S.C. § 1446(a) and with respect to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, RJZM respectfully notifies this Court that the State Court Action pending in the Supreme Court of the State of New York, New York County, bearing Index No. 100108/2009, has been removed to this Court in accordance with the foregoing statutory provisions and requests that the proceeding be referred to the Bankruptcy Court.

Dated: New York, N.Y.
February 19, 2009

                Respectfully submitted,

                DUANE MORRIS LLP

By: _____
      Anthony J. Costantini (AJC 6633)
      1540 Broadway
      New York, New York 10036-4086
      (212) 692-1000

Attorneys for Defendant

RJZM, LLC d/b/a All-Med & Rehab of New York