UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:


RJZM LLC d/b/a ALL-MED
& REHABILITATION OF NEW YORK,

                              Debtor.

-----------------------------------------------------------x

-----------------------------------------------------------x
TOWNE PARTNERS LLC,
                              Plaintiff,


            -against-


RJZM LLC d/b/a ALL-MED & REHAB
OF NEW YORK,

                              Defendant.
-----------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-2-09

Chapter 11
Case No. 06 B 11535(ALG)

09 Civ. 1554 (PKC)

ORDER

P. KEVIN CASTEL, U.S.D.J.

        The action by Towne Partners LLC was commenced in state court on or

about January 5, 2009. Towne Partners LLC v. RZM, LLC, Supreme Court, New York

County, Index No. 100108/2009. Plaintiff alleged that it was the owner and landlord of a

commercial building. Defendant RJZM LLC ("RJZM"), doing business as All-Med & Re-

hab of New York, was a tenant in the building. Plaintiff alleges that RJZM improperly

held over under the lease and that certain liquidated damages and other termination related

charges and fees have become due but have not been not paid.

Defendant RJZM removed the action from state court to this Court asserting that that the proceeding arises under, arises in or is related to a bankruptcy case. 28 U.S.C. § 1334(b). Specifically, plaintiff acknowledges in its state complaint that its claim for damages is governed, in part, by the terms of a Stipulation and Order of the United States Bankruptcy Court (Allan L. Gropper, U.S.B.J), dated March 14, 2007 (the "March 14 Stipulation & Order"). Towne Parnters, LLC v. RZM Corp. LLC, et al., Adv. Pro. No. 06-01663(ALG); Towne Partners, LLC v. RJZM Corp., LLC, et al., Adv. Pro. No. 06-1664 (ALG). The adversary proceedings took place within Chapter 11 reorganization proceedings of defendant. In re RJZM LLC, Case No. 06 B 11535 (ALG).

The March 14 Stipulation & Order, among other things, extended the time for the debtor to assume or reject a lease for a premises at 423 East 138th Street, Bronx, New York 10451, upon certain terms and conditions. It set forth—or incorporated from the provisions of the lease--certain remedies which would be available in the event the debtor neither assumed the lease nor surrendered possession by a certain date. At paragraph 26, it recited that the Bankruptcy Court retained jurisdiction "with respect to all matters arising from or relating to the implementation of this Order. . . ." with certain stated exceptions. The March 14 Stipulation & Order was incorporated into the Amended Plan of Reorganization which was confirmed by Order of February 29, 2008.

The plaintiff has moved to remand the action to state court asserting that the there is no basis for jurisdiction under section 1334(b). It further argues that, if there is bankruptcy jurisdiction, then mandatory or discretionary abstention is required. 28 U.S.C. §§ 1334(c)(2) & (c)(1). The defendant argues that there is bankruptcy jurisdiction, the

Court need not and should not abstain and the case should be referred to the bankruptcy court for adjudication on the merits.

I grant so much of defendant's motion as seeks referral of this case to the United States Bankruptcy Court for the Southern District of New York.  28 U.S.C. § 157(a) and Standing Order M-61 of Referral of Cases to Bankruptcy Judges of the District Court for the Southern District of New York, dated July 19, 1984.  Defendant's motion for sanctions is denied.  On a preliminary reading of the complaint and submissions of the parties, there is a basis for jurisdiction under section 1334(b).  The Bankruptcy Court, however, is empowered to consider plaintiff's motion to remand to state court, including its abstention arguments.  The Bankruptcy Court is in the best position to determine, in the first instance, the manner in which this case can and should proceed.

Any appeal from an order of the Bankruptcy Court should be referred to the undersigned.  The case before this Court should be marked administratively closed and all motions in this Court marked administratively terminated.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       June 2, 2009